IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIAN ALONZO PHAIR *

    Petitioner, *

v.      CIVIL ACTION NO. JKB-13-2420

*

BALTIORE COUNTY CIRCUIT COURT
VICKY BALLOU-WATTS, ASSOCIATE *
JUDGE

*

    Respondent.

\*\*\*\*\*

MEMORANDUM

On August 19, 2013, the court received the above-captioned petition for preliminary injunction from Adrian Phair ("Phair"), a detainee at the Baltimore County Detention Center ("BCDC"). He asks that the court enjoin all Baltimore County Circuit Court Judges from taking action against him and that he be released from BCDC detention. ECF No. 1. Phair contends that he was indicted on a count of telephone misuse and was offered a "stet" by the prosecutor in August of 2012, which he rejected. He states that he first appeared before Judge Watts in February of 2013 and invoked his speedy trial right to a jury. Phair seemingly takes issue with Judge Watts's findings regarding the mutual exclusivity of speedy trial and jury trial rights. He contends that he has been held without trial proceedings over the 180-day period permitted in Maryland; Judge Watts and the prosecutor have slandered him, engaged in "circular reasoning," and entered into an agreement in absentia; and Baltimore County Circuit Court Judge Sherrie R. Bailey ordered him held at BCDC for the failure to appear without bail pending a psychiatric evaluation. *Id*. at pgs. 2-5.

Brown has filed neither the $5.00 habeas filing fee nor an indigency application. In his petition, however, he seeks waiver of filing fees. *Id* at p. 10. Although his request shall be granted, his petition shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on January 18, 2013, a charge of telephone misuse: repeat calls was filed against Phair.[1]  *See State v. Phair*, Criminal No. 03K13000415 (Circuit Court for Baltimore County). www.casesearch.courts.state.md.us/inquiry.

To the extent that Phair seeks court intervention in his pending state criminal proceeding, his injunction will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding).  The abstention doctrine of *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings unless extraordinary circumstances exist. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise the federal questions and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam).  In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

---

[1] The case originated in the District Court for Baltimore County and was transferred to the Circuit Court. *See State v. Phair*, 5C00367729. www.casesearch.courts.state.md.us/inquiry.

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist to protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young,* 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.; see also Drayton v. Hayes,* 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

Phair has raised no exceptional circumstances for interfering with the Baltimore County criminal case at this time. Habeas corpus relief will be denied without prejudice. An injunction shall not issue.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Phair has not made the required showing and no certificate of appealability shall issue. A separate Order will be entered dismissing this action without prejudice.

3

Date: August 27, 2014                    /s/
                                         James K. Bredar
                                         United States District Judge